940 F.2d 665
 UNPUBLISHED DISPOSITION
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
HOME SAVINGS OF AMERICA, F.A., as Successor in interest to
Hyde Park Federal Savings and Loan Association of
Chicago, Plaintiff-Appellee,
v.
Andrew GALE, Defendant-Appellant.
 Nos. 89-1350, 89-2231.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 17, 1991.*
Decided July 24, 1991.
 
 Before CUDAHY and COFFEY, Circuit Judges, and PELL, Senior Circuit Judge.
 
 ORDER
 
 1
 Defendant-Appellant, Andrew Gale, appeals from the district court's entry of an amended judgment of foreclosure and sale in favor of Home Savings of America, the holder of his residential mortgage.
 
 I.
 
 2
 In October 1986, Home Savings as successor in interest to Hyde Park Federal Savings and Loan filed a complaint in the district court to foreclose on a residential mortgage issued to Gale. Gale filed his answer, asserting as an affirmative defense that the debt had been fully discharged in previous Chapter 13 bankruptcy proceeding. Gale also asserted that jurisdiction rested with the bankruptcy court and not the district court. As such, Gale filed a rule to show cause in the bankruptcy court seeking to prohibit Home Savings from proceeding with the foreclosure action in the district court. In response to Gale's filing of the rule to show cause in the bankruptcy court, Judge Kocoras granted a motion to dismiss the action in the district court with leave to reinstate.
 
 
 3
 Between May 1987 and December 1987, the bankruptcy judge held several hearings to determine whether Gale's debt to Home Savings was fully discharged in the prior bankruptcy proceeding, barring Home Savings from future recovery. Eventually, the bankruptcy court denied the rule to show cause, enabling Home Savings to proceed with the foreclosure action in the district court. In response to that order, Judge Kocoras vacated the dismissal and Gale filed an answer. Gale reasserted in his answer that Home Savings was estopped from bringing the second foreclosure action because the mortgage had been extinguished in the prior bankruptcy action. Judge Kocoras rejected Gale's argument and entered a judgment of foreclosure and sale against Gale in September 1987.
 
 
 4
 After the judgment of foreclosure was entered in the district court, Gale filed a second bankruptcy proceeding. The district court action was again dismissed with leave to reinstate once the Chapter 13 stay was lifted. In the proceedings in the bankruptcy court, Home Savings filed an accounting and the parties apparently agreed at that time that the debt had not been fully discharged in the previous bankruptcy proceeding because the plan had failed to consider money advanced by Home Savings for insurance and real estate taxes on the property. The parties agreed upon the amount due and Home Savings filed a proof of claim with the bankruptcy court. Thereafter, the bankruptcy judge entered an agreed special mortgage designed to cure the arrearage and to bring the mortgage current within twenty-four months. Gale made several payments under the plan and then he refused to make further payments, once again asserting that the obligation had been fully discharged in the initial bankruptcy proceeding. In response to Gale's cessation of making payments, the bankruptcy judge modified the stay, permitting the foreclosure action to proceed in the district court.
 
 
 5
 The judgment of foreclosure was reinstated in the district court. Gale filed a motion to vacate the judgment which was denied. Gale filed a second motion to vacate and again the district court denied the motion. At the time of the second denial, the district court granted Home Saving's motion for sanctions, awarding fees for Gale's pursuit of a frivolous second motion to vacate. After the judgment was reinstated in the district court, Home Savings filed a motion to amend judgment because the figures in the 1987 judgment were stale. The district court granted the motion and amended the judgment. This appeal followed.
 
 II.
 
 6
 On appeal, Gale is challenging the district court's denial of his motion to vacate the judgment of foreclosure. Gale argues that the original mortgage was extinguished as a result of the 1981 bankruptcy proceeding and therefore, he maintains that Home Savings is precluded from maintaining the second foreclosure action relating to the tax and insurance advancements made by Home Savings. Home Savings counters that the mortgage was not extinguished in the original bankruptcy proceeding. According to Home Savings, the confirmation of the Chapter 13 plan reinstated the mortgage. Thus, Home Savings was entitled to pursue a second foreclosure action because Gale was in default on the reinstated mortgage.
 
 
 7
 This case presents an analogous issue to the one decided by this court in In re Clark, 738 F.2d 869 (7th Cir.1984), although that case was decided under Wisconsin law. The Clark court determined that "the power to 'cure' a default provided by [11 U.S.C.] Sec. 1322(b)(5) permits a debtor to de-accelerate the payments under a note secured by a residential property mortgage," despite the fact that a judgment of foreclosure had been entered on the property. Id. at 874. The court noted that irrespective of the foreclosure judgment the homeowners retained an interest in the property under Wisconsin law which they could seek to protect as part of the bankruptcy estate. Id. at 871.
 
 
 8
 In Illinois, as in Wisconsin, a judgment of foreclosure does not extinguish the mortgagor's interest in the property. Legal title to the property could not pass until the redemption period had passed. See Ill.Rev.Stat. Ch. 110, Sec. 12-128 (1985). When Gale filed his initial Chapter 13 bankruptcy, the redemption period on the property had not expired. Thus, Gale's filing of the bankruptcy proceeding had the effect of de-accelerating his mortgage payments. In addition, the confirmation of the bankruptcy plan, which did not provide for Home Saving's advancement of post-petition insurance costs and real estate taxes, had the effect of reinstating the mortgage. As such, Home Savings retained the right to file a second foreclosure action when Gale refused to pay the taxes and insurance costs advanced by Home Savings, because Gale was in default on the mortgage for a second time. The fact that Gale had cured his previous default in the first bankruptcy does not extinguish Home Saving's right to resort to a foreclosure proceedings where, as here, there is a second, subsequent default.
 
 
 9
 With the confirmation of the bankruptcy plan in 1981, the debt was only partially discharged and the mortgage was reinstated. Under the mortgage agreement, Gale was required to pay real estate taxes and insurance costs. He failed to do so and Home Savings advanced the money to make those payments. As such, Gale was in default on the mortgage and Home Savings was within its rights to pursue a foreclosure action to recover the arrearage. The district court properly entered a judgment of foreclosure in response to Gale's default. In addition, the court properly amended the judgment to reflect the change in the amount owing related to the passage of time. Therefore, the district court's decision entering an amended judgment of foreclosure and sale is AFFIRMED.